IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHALA L. STRICKER, | |
| Plaintiff, | 7:18-CV-5006 |
| vs. | MEMORANDUM AND ORDER |
| JEAN L. TOWNSEND, | |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 46) to the Magistrate Judge's order (filing 45) denying her motion to extend the discovery deadline (filing 39), and the defendant's related motion *in limine* (filing 50) asking for a determination on the admissibility of certain evidence. As explained below, the Court will grant the motion *in limine*, and deny the objection as moot.

The evidence at issue is medical: the defendant wants to ensure the admissibility of medical records relating to two of the plaintiff's doctor's visits, and has presented corresponding affidavits from those doctors laying foundation for the records. *See* filing 51 at 3-12. The defendant argues that the records fall within the exception to the hearsay rule for records of a regularly conducted activity (*i.e.* the business records exception), *see* Fed. R. Evid. 803(6), and that statements contained within the records are also admissible as statements made for medical diagnosis or treatment, *see* Fed. R. Evid. 803(4). Filing 52 at 3.

The physicians' affidavits lay appropriate foundation for admission of the medical records as business records. *See Sosna v. Binnington*, 321 F.3d 742, 747 (8th Cir. 2003); *United States v. Azure*, 801 F.2d 336, 342 (8th Cir. 1986).

And the plaintiff doesn't argue otherwise. *See* filing 55.[1] Instead, the plaintiff argues that the defendant's motion *in limine* should be denied for reasons that, so far as the Court can tell, have little to do with the medical records themselves. Rather, the plaintiff says the foundational affidavits were obtained by *ex parte* contact that, she claims, violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104–191, 110 Stat. 1936 (codified at scattered sections of 18 U.S.C., 26 U.S.C., and 42 U.S.C.). Filing 55 at 5-6. And, the plaintiff argues, the defendant intends to raise an "inference" from the medical records that she says is "misleading." Filing 55 at 8-9.

Neither argument is persuasive. To begin with, the plaintiff has cited the Court to no authority suggesting that protected health information obtained in violation of HIPAA should be categorically excluded from evidence. *Cf. United States v. Crippen*, 627 F.3d 1056, 1063-64 (8th Cir. 2010). And to be clear—the plaintiff's HIPAA argument goes to the *affidavits*, not the underlying medical records (access to which was consented to by the plaintiff). The only "protected health information" contained in the foundational affidavits is the fact of

---

[1] The plaintiff's statements in those records are likely also admissible as statements made for medical diagnosis or treatment, but the Court need not decide that, because any double hearsay problem presented by the inclusion of the plaintiff's statements is cured by the fact that she is a party-opponent. *See United States v. Johnson*, 28 F.3d 1487, 1498-99 (8th Cir. 1994). The defendant is probably also right about the doctors being unavailable witnesses, but Rule 803 isn't predicated on unavailability, and the Court can determine the admissibility of the medical records, based on the affidavits, without being bound by the Rules of Evidence. Fed. R. Evid. 104(a). In any event, the plaintiff doesn't object on any of those grounds either. *See* filing 55.

treatment—a fact already reflected in the records themselves. *See* filing 51 at 3-12; *see also* filing 55 at 6 n.22.

The Court is aware that sanctions may be imposed when evidence is gathered unlawfully—for instance, by *ex parte* contact with treating physicians, or in violation of HIPAA. *See Harlan v. Lewis*, 982 F.2d 1255, 1257-65 (8th Cir. 1993); *Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1020-31 (S.D. Cal. 2004); s*ee also Midwest Motor Sports v. Arctic Sales, Inc.*, 347 F.3d 693, 697-701 (8th Cir. 2003). Sanctions could include the exclusion of evidence. *Midwest Motor Sports*, 347 F.3d at 697-98. But the Court is not persuaded that exclusion of evidence as a sanction is warranted here, where no new information was actually gathered.

Nor is the Court persuaded that otherwise-relevant evidence may be excluded because the "inference" the defendant purportedly seeks to raise is, according to the plaintiff, "misleading." *See* filing 55 at 8. It's the function of the jury to weigh contradictory evidence and inferences. *Tennant v. Peoria & P.U. Ry. Co.*, 321 U.S. 29, 35 (1944). So, it's not the Court's place to decide the *proper* inference to be drawn from the evidence, then cherry-pick evidence supporting that inference and exclude the rest as "misleading."[2]

In sum, the defendant has established foundation for the admissibility of these medical records under the Federal Rules of Evidence, and the plaintiff has provided no basis under the Rules of Evidence to exclude them. So, the Court will grant the defendant's motion *in limine*. As the Court understands the parties' positions, the granting of the motion *in limine* moots the defendant's request to extend the deposition deadline, and her objection to the Magistrate Judge's order denying that request. *See* filing 53 at 22-25.

---

[2] The plaintiff does not argue the evidence should be excluded pursuant to Fed. R. Evid. 403. *See* filing 55 at 8-9.

With all of that said, counsel in this case are bright and exceptionally talented. Let's put that talent to good use and try this lawsuit in a reasonable, professional, and respectful manner.

IT IS ORDERED:

1.    The defendant's motion *in limine* (filing 50) is granted.

2.    The proffered medical records (filing 51 at 5-7, 10-12) are admissible into evidence.

3.    The defendant's objection (filing 46) is overruled as moot.

4.    The defendant's motion for hearing (filing 48) is denied.

Dated this 12th day of August, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge